IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


BOBBY JOE HAMPTON                                                                    PLAINTIFF

        v.                         Civil No. 4:15-cv-04037

WARDEN MARTY BRAZELL;
LIEUTENANT GOLDEN ADAMS;
OFFICER BYRON GRIFFIE;
OFFICER JAMES RAMSEY;
SERGEANT MOON; and
MILLER COUNTY MEDICAL STAFF                                                          DEFENDANTS


## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Bobby Hampton filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 10, 2015. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1.  **BACKGROUND**

At the time Plaintiff filed his Complaint he was an inmate in the Miller County Detention Center ("MCDC"). Plaintiff remains incarcerated at the MCDC. In his Complaint, Plaintiff names Marty Brazell, Golden Adams, Byron Griffie, James Ramsey, Sergeant Moon, and the Nurses at

the MCDC as defendants in this matter.

Plaintiff claims that his constitutional rights were violated on July 17, 2014 when he was improperly locked down on seventy-two (72) hour restriction and forced to shower in full restraints.  Further, Plaintiff claims that while showering in full restraints he fell and injured his ankle, and he was denied medical care for this injury.  ECF No. 1, p. 11.

Plaintiff is suing Defendant Brazell in both his individual and official capacity as the warden of the MCDC.  Plaintiff claims Defendant Brazell violated his constitutional rights by allowing: (1) Plaintiff's lock down in segregation on "72 & 1;" (2) Plaintiff to shower in full restraints; and (3) the nurses to deny Plaintiff medical care.  Plaintiff claims it is the policy or custom of MCDC regarding lock down that caused him to be locked down in an "8X12 cell and only let out every other 3 days."  Also, Plaintiff claims it is the policy or custom of MCDC that caused him to be injured while showering in full restraints and his medical care to be denied.  ECF No. 1, pp. 3-4.

Plaintiff is suing Defendant Adams in his individual and official capacity as Lieutenant at the MCDC.  Plaintiff claims Defendant Adams did not intervene to stop his officers from locking Plaintiff down even though Defendant Adams knew it was wrong.  Plaintiff also claims Defendant Adams did not investigate the allegations against Plaintiff, and Defendant Adams did not respond to Plaintiff's grievances.  Plaintiff claims these same actions by Defendant Adams support his official capacity claim against him.  ECF No. 1, pp. 4-5.

Plaintiff is suing Defendant Griffie in his individual and official capacity as a correctional officer at the MCDC.  Plaintiff claims Defendant Griffie falsified a MCDC disciplinary report, and defamed Plaintiff's character.  Plaintiff claims these same actions support his official capacity

claim Defendant Griffie. ECF No. 1, pp. 5-6.

Plaintiff is suing Defendant Ramsey in his individual and official capacity as a correctional officer at the MCDC. Plaintiff claims that Defendant Ramsey "had the opportunity to tell the truth about the situation but instead stated to me that he had to ride with his fellow officers regardless of the situation." ECF No. 1, p. 7. Plaintiff claims this same action or inaction by Defendant Ramsey supports his official capacity claim. ECF No. 1, p. 7.

Plaintiff is suing Defendant Moon in both his individual and official capacity as a sergeant at the MCDC. Plaintiff claims Defendant Moon ordered that he be put in segregation and only allowed out for one hour every three days, and that Plaintiff shower in full restraints. Plaintiff also claims Defendant Moon ordered Plaintiff's personal belongings, legal papers, and commissary privileges be withheld. Finally, Plaintiff claims Defendant Moon did not investigate the charges against Plaintiff before punishing him. ECF No. 1, pp. 8-9.

Plaintiff is also suing John Doe nurses at MCDC in their official capacity only. Plaintiff claims the nurses did not come to check on him the night he fell in the shower and injured his ankle and the nurses do not respond to his medical request. Plaintiff claims these same actions are the custom or policy of the MCDC and used to cover up for the MCDC staff. ECF No. 1, pp. 9-10.

2.   APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous

if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

3. **DISCUSSION**

   a. Defamation

Plaintiff claims Defendant Griffie defamed Plaintiff's character by lying on disciplinary reports. Claims for defamation and slander are not a cognizable under section 1983. *See Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983). "[A] defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellinburg v. Lucas,* 518 F.2d 1196, 1997 (8th Cir. 1975) (citations omitted). Therefore, Plaintiff has failed to state a cognizable claim of defamation, under section 1983, against any Defendant.

   b. Grievances

Plaintiff claims Defendant Adams failed to respond to Plaintiff's grievances. Plaintiff does not have an independent constitutional right to a grievance procedure. *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (quoting *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993)). A jail's failure to process an inmate's grievances, without more, is not actionable under section 1983. *Buckley,* 997 F.2d at 495. Therefore, Plaintiff has failed to state a cognizable claim regarding his grievances.

   c. Failure to intervene

Plaintiff claims Defendants Adams and Ramsey failed to intervene and tell the truth

regarding the disciplinary charges against Plaintiff. Defendants had no constitutional duty to investigate why others, disciplined Plaintiff. *See Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012) (While the Eighth Circuit has recognized a non-supervisory officer's duty to intervene to prevent the use of excessive force, it has not recognized a duty to intervene to prevent other constitutional violations.). Therefore, Plaintiff failed to state a cognizable claim regarding Defendants Adams and Ramsey's failure to tell the truth during the disciplinary investigation.

    d.    False information

Plaintiff claims Defendant Griffie falsified a MCDC disciplinary report against Plaintiff. "[T]he filing of a false disciplinary charge is not itself actionable under § 1983." *Dixon v. Brown,* 38 F.3d 379 (8th Cir. 1994). A false disciplinary charge does not become actionable unless done in retaliation for an inmate filing a grievance. *Id.* Here, Plaintiff made no retaliation claims. Therefore, Plaintiff's claims regarding the falsifying a disciplinary report fails to state a cognizable claim.

Accordingly, all of Plaintiff's individual and official claims against Defendants Adams, Griffie, and Ramsey are frivolous and fail to state claims upon which relief may be granted.

**4.    CONCLUSION**

For the foregoing reasons, I recommend that Plaintiff's claims of defamation, claims regarding grievances, claims regarding failure to intervene, and claims regarding falsifying of disciplinary reports all be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). Further, as no claims remain against Defendants Adams, Griffie, and Ramsey, I recommend they be dismissed from this action. This leaves Plaintiff's individual and official capacity claims against Defendants Brazell, Moon and John Does nurses. The issue of service will

be addressed by separate order.

The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **28th day of May 2015.**

          /s/ Barry A. Bryant
          HON. BARRY A. BRYANT
          UNITED STATES MAGISTRATE JUDGE