IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY JOE HAMPTON                                                                                         PLAINTIFF

v.                              Civil No.   4:15-cv-04037

WARDEN MARTY BRAZELL;
SERGEANT MOON; and MILLER
COUNTY MEDICAL STAFF                                                                              DEFENDANTS

## ORDER

Pending before me for decision are the following motions filed by the Plaintiff: (1) a Motion for Order (ECF No. 6); (2) a Motion to Compel (ECF No. 13); (3) a Motion for Issuance of a Subpoena (ECF No. 20); and (4) a Motion to Compel (ECF No. 25).  Also before the Court is the issue of the identification of the Miller County Medical Staff.

**Motion for Order** (ECF No. 6)

In this Motion, Plaintiff states that the jail has not been deducting a portion of his monthly account balance for payment of the filing fee.  He wants the Court to know that he filed a grievance asking the Defendants why this is not being done.  He states he does not want the Defendants' failure to deduct the funds to delay the progress of the case.

The Motion (ECF No. 6) is **DENIED.**  Whether or not the detention center is properly paying over the filing fee, does not impact the progress of this case.

**Motion to Compel** (ECF No. 13)

This document contains Plaintiff's statements about the impact of being on lock down.  He does not seek to compel discovery from the Defendants.  He does not ask the Court to take any action.  Therefore, the Motion (ECF No. 13) is **DENIED.**

**Motion for Issuance of a Subpoena** (ECF No. 20)

This Motion appears to be the Plaintiff's initial request for the production of documents from the Defendants. Plaintiff does not need a subpoena to obtain discovery documents from the Defendants. Instead, Plaintiff may serve discovery requests directly on Defendants' counsel. The Motion (ECF No. 20) is **DENIED.**

**Motion to Compel** (ECF No. 25)

In this Motion, Plaintiff states the Defendants have deliberately failed to produce a disciplinary report dated July 17, 2014, and an inmate medical request dated February 14, 2013. Defendants state they have produced the Plaintiff's entire jail file. With respect to the medical request, Defendant state that all health records are maintained and stored by Southern Health Partners. Plaintiff replied noting that he did receive materials from the Defendants but that neither the disciplinary report nor medical request was among them.

The Motion (ECF No. 25) is **GRANTED IN PART.** Defendants are directed to provide the Plaintiff with an affidavit, from a person with knowledge, explaining how disciplinary reports are kept; whether the report dated July 17, 2014, by Deputy B. Griffie is in the Plaintiff's jail file; if it is, why it was not produced; and, if the report is not in the jail file, why it was not.

If the Plaintiff wants the Court to issue a subpoena to Southern Health Partners, Inc., he is directed to file a Motion for Issuance of a Subpoena. The Motion should include the time frame for which he wants the documents produced.

**Medical Defendants**

By Order (ECF No. 7) entered on May 27, 2015, Defendants were directed to provide the names of the nurses who worked at the Miller County Detention Center in July of 2014, so that the

John Doe nurses could be identified.  The information was to be provided within twenty-one days of service of the Complaint.

Defendants did not identify the nurses in their Answer (ECF No. 11).  Defendants have not filed a separate document identifying these nurses.  Defendants are given until **January 25, 2016, to show cause** for their failure to obey the Order of the Court.  In their response to this Order, Defendants are directed to provide the names of the nurses and a last known, or service, address for the nurses.

IT IS SO ORDERED this 14th day of January 2016.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE